FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DENNIS B. ANDERSON,

Petitioner - Appellant,

v.

TERESA A. SCHWARTZ,

Respondent - Appellee.

No. 06-17211

D.C. No. CV-06-02481-THE

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, District Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

California state prisoner Dennis B. Anderson appeals from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 2253,[1] and we affirm.

Anderson contends that the Board's 2004 decision to deny him parole was not supported by "some evidence" and therefore violated his due process rights. The state court did not unreasonably conclude that some evidence supports the Board's decision. *See* 28 U.S.C. § 2254(d); *see also Hayward v. Marshall*, No. 06-55392, 2010 WL 1664977, at *11, *17 (9th Cir. Apr. 22, 2010).

Anderson further argues that the district court erred by denying his motion to alter or amend its judgment pursuant to Rule 59(e). Because Anderson's motion raised an argument for the first time that reasonably could have been raised earlier in the litigation, the district court did not abuse its discretion by denying the motion. *See McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003); *see also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Anderson's claim based on the Board's decision to defer a subsequent parole hearing for four years is not cognizable because he failed to raise that claim before

---

[1] We certify for appeal, on our own motion, the issues of whether the 2004 decision of the California Board of Prison Terms ("the Board") to deny parole for four years violated due process, and whether the district court abused its discretion by denying his motion to alter or amend its judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)").

the district court.  *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).

**AFFIRMED.**